UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                        :
PETER MACNEILL                            :
                                                        :
    Plaintiff/Petitioner,                    :
                                                        :
        v.                                       :
                                                        :
COMMONWEATLH OF MASSACHUSETTS/   :
DEPARTMENT OF CHILDREN AND FAMILIES :
                                                        :
                                                        :
    Defendant/Respondent,                :
_____:

PETITION TO CONFIRM AN ARBITRATION AWARD

COME NOW Petitioner, Peter MacNeill, a member Service Employees International Union, Local 509 ("Local 509") and alleges the following:

**I.    JURISDICTION:**

1. This Court has jurisdiction over this matter in as much as it seeks to confirm an arbitration award issued pursuant to the terms of a collective bargaining agreement between Local 509 and Respondent Commonwealth of Massachusetts/ Department of Children and Families ("DCF") and is based upon Section 301(a) of the Labor Management Relations Act of 1947, as amended 29 U.S.C. section 185 and 9 U.S.C. section 4.

2. Parties in this matter reside in diverse states.

**II.    VENUE:**

1

3. Venue is appropriate in this District Court in as much as the arbitration award upon which this action is based was issued within the jurisdictional boundaries of this District Court. Venue is proper pursuant to 28 U.S.C. section 1391(b) and under 9 U.S.C. section 4.

### III. PARTIES:

4. Plaintiff/Petitioner, Peter MacNeill is a licensed Social Worker and member of Local 509 who was employed by DCF from June 1, 2007 until his termination on May 16, 2014.

5. Peter MacNeill, residents in Merrimack County, in the Town of Epson, New Hampshire.

6. Local 509 is the duly recognized and exclusive bargaining representative for all Social Workers employed by DCF.

7. Local 509 is a labor organization representing employees in an industry affecting commerce, within the meaning of LMRA section 301 and the definitions set forth in section 2(5) of the LMRA [29 USC sections 152(5), 185].

8. Mr. MacNeill has standing to enforce the arbitration award where Local 509 the duly recognized and exclusive bargain representative for all Social Workers, breached its statutory duty to properly and fairly represent Mr. MacNeill after an arbitration ruling that resolved his grievance regarding his unjust termination.

9. Respondent DCF is an agency of the Commonwealth of Massachusetts with the mission of protecting children from abuse and neglect.

### IV. FOUNDATIONAL ALLEGATIONS:

10. Petitioner incorporates by reference, as if fully set forth herein, paragraphs 1 through 9, above.

11. Local 509 and DCF entered into a collective bargaining agreement ("CBA"), which at all time material hereto, was in full force and effect, on the date DCF terminated Mr. MacNeill's employment.

12. The CBA governed wages, terms and conditions of employment for all Social Workers employed by DCF.

13. The CBA also included terms for resolving disputes that arose during the contract period which included a grievance procedure and Local 509's right to request unresolved grievances be sent to binding arbitration.

14. The CBA provided that Local 509 and DCF would select a mutually acceptable Arbitrator to hear contract disputes and make a final and binding ruling.

15. On or about May 16, 2014 DCF terminated the employment of Mr. MacNeill.

16. On behalf of Mr. MacNeill Local 509 filed a timely grievance over his termination.

17. Pursuant to the terms of the CBA Local 509 and DCF agreed Arbitrator Harvey M. Shrage would hear and rule on Mr. MacNeill's grievance.

18. Over an eleven month period that included four hearing dates Arbitrator Shrage took in evidence and testimony of numerous witnesses including the Petitioner Mr. MacNeill.

19. Local 509 was represented by Attorney Tod Cochran of the law firm Pyle Rome Ehrenberg PC and Petitioner's private Attorney Neil Osborne attended the

hearings only as an observer and did not have any role in presentment of Local 509's case before Arbitrator Shrage.

20. DCF was represented by Commonwealth of Massachusetts Labor Council Attorney Melinda T. Willis.

21. After careful consideration of evidence presented, testimony of witnesses and the post hearing briefs from both counsels, Arbitrator Shrage issued his ruling on October 23, 2017. Attached and incorporated herein as Petitioner's Exhibit B.

22. Arbitrator Shrage concluded that Petitioner Mr. MacNeill shall be directed pursuant to Article 8 of the CBA to undergo a fitness for duty examination. See Exhibit B pg. 34.

23. Arbitrator Shrage's decision further required that after clearing a fitness for duty examination Petitioner shall be returned to work and receive back pay from the date of his termination (less five days for a suspension) and any other benefits from the date of this termination. See Exhibit B, pg. 34.

24. On or about November 7, 2017 DCF forwarded to Mr. MacNeill a letter that stated they intended to direct him to undergo a fitness for duty examination with a licensed Psychiatrist before allowing him to return to work. See attached and incorporated herein as Petitioners Exhibit C.

25. Upon receipt of DCF November 7, 2017 Mr. MacNeill's private attorney attempted to contact DCF's then director of Labor Relations, Donna Morin, as DCF's letter suggested any questions should be directed to her.

26. Atty. Osborne called Ms. Morin to discuss the conflated requirement included in DCF's letter of November 7th requiring an examination of a licensed Psychiatrist, but could only leave her voice messages asking her to return his calls.

27. Atty. Osborne received no response from Ms. Morin after leaving a number messages.

28. On or about December 14, 2017 Atty. Osborne sent a letter to DCF Deputy Commissioner Lian Hogan the author of the November 7, 2017 letter raising the issue that DCF was attempting to conflate the precondition requirements before returning Mr. MacNeill to work. See attached and incorporated herein Petitioner's Exhibit. D.

29. On or about February 6, 2018 Atty. Osborne sent a second letter by certified mail to DCF Deputy Commission Lian Hogan, where he did not received any response or acknowledgment of his inquiries on behalf of Petitioner Mr. MacNeill. See attached and incorporated herein Petitioner's Exhibit. E.

30. Atty. Osborne's letter of February 6, 2018 again requested that DCF forward a current job description to Petitioner and Local 509 in order to facilitate Mr. MacNeill undergoing a fitness for duty examination as required before returning to work in accordance with Arbitrator Shrage's decision on October 23, 2017.

31. On or about February 26, 2018 Atty. Osborne on behalf of Petitioner MacNeill sent a letter to Local 509 President Peter McKinnon inquiring whether or not the union will take any action to enforce Arbitrator Shrage's decision. See attached and incorporated Petitioner's Exhibit F.

32. Prior to sending Local 509's President McKinnon a letter Atty. Osborne reached out to Local 509's MARC Organizer, Darrel Cole, who handled Mr. MacNeill's grievance.

33. Mr. Cole responded to Atty. Osborne that he had not heard anything from DCF or Ms. Morin regarding the process for Mr. MacNeill's return to work in accordance and required in Arbitrator Shrage's decision.

34. Subsequent to sending a letter to Local 509 President, Atty. Osborne communicated directly with the union's Atty. Cochran including a letter detailing Mr. MacNeill's concern with the conflated requirements being imposed by DCF before he is allowed to return to work.  See attached and incorporated herein as Petitioner's Exhibit G.

35. On or about March 12, 2018 in the letter to Atty. Cochran Atty. Osborne inquired if DCF had complied with the union's earlier request to forward a current job description to facilitate Mr. MacNeill's fitness for duty examination.  See Exhibit G.

36. After much delay on about April 11, 2018 Mr. MacNeill received from Mr. Cole, Local 509 MARC Organizer, a copy of a job description forwarded to him by DCF's Interim Director of Human Resources, Donna Morin.

37. With the necessary job description in his possession Mr. MacNeill arranged for a fitness for duty examination with his Primary Care Physician.

38. On or about April 26, 2018 after reviewing the job description provided by DCF Mr. MacNeill's Doctor Allen M. Stein drafted a letter indicating he may return to work with no medical restrictions.

39. By certificated letter dated May 4, 2018 Mr. MacNeill's Attorney sent DCF's Deputy Commissioner Ms. Hogan a copy of Dr. Stein's letter indicating he was fit to return to work and requested she immediately contact him regarding outstanding matters of back pay owed to Mr. MacNeill and whether DCF would require supplemental training before returning Mr. MacNeill to work. See Exhibit H.

40. On May 8, 2018 the United States Postal Service provided proof that DCF received the certified letter sent to Ms. Hogan on May 4, 2018.

41. As of the filing of this Petition DCF has failed to respond to any of the inquiries of Mr. MacNeill's Attorney.

42. DCF continues to take no substantial or timely action to comply with Arbitrator Shrage's decision of October 23, 2017.

43. To date Mr. MacNeill has no information that Local 509 has taken any action to enforce Arbitrator Shrage's decision.

44. Local 509's failure to take appropriate action towards enforcing Arbitrator Shrage's Award and Opinion with DCF is a breach of its statutory duty to fairly represent the interest of Mr. MacNeill.

45. Mr. MacNeill has a unique and distinct interest separate from the general members of Local 509 in returning to work along with a monetary award of back pay from May 2014 to the present in accordance with Arbitrator Shrage's Award and Opinion.

46. To date, despite extensive efforts by Mr. MacNeill, DCF continues to avoid complying with Arbitrator Shrage's decision nor has his union, Local 509, taken sufficient action to enforce DCF's compliance with the Arbitrator's Award.

47. An extraordinary amount of has transpired since Arbitrator Shrage issued his decision on Mr. MacNeill's grievance.

V.  **CLAIM FOR RELIEF:**

48. Petitioner incorporates by reference, as if fully set forth herein, paragraphs 1 through 47, above.

49. Petitioner is, therefore, entitled to standing to enforce the compliance with the Arbitration decision of Arbitrator Shrage obtained through the process of handling contract disputes between the parties, Local 509 and DCF.

50. Petitioner, is therefore, entitled to an order from this Court – pursuant to LMOA section 301 [29 USC section 185] and section 9 of the USC confirming and enforcing Arbitrator Shrage's Award and Opinion of October 23, 2017.

51. Petitioner has no adequate remedy a law other than the filing of this Petition.

52. Because of Respondent, DCF's refusal to cooperate and comply with the Arbitrator's Award as evidenced by an unreasonable delay in providing a job description to facilitate the required medical fitness for duty examination and refusing to discuss the matter of back pay therefore, the Petitioner needed to secure the services of private counsel.

53. Respondent's acts and omissions are unjustified and in bad faith therefore Petitioner seeks attorney's fees incurred to obtain compliance.

54. Respondent failed to timely move to vacate, modify or correct Arbitrator Shrage's Award and Opinion rendered on October 23, 2017.

**WHEREORE**, Petitioner prays as follows:

1. For an order confirming and enforcing the October 23, 2017 Arbitration Award and Opinion of Harvey Shrage;

2. For costs of suit incurred herein;

3. For those reasonable attorney's fees incurred in prosecuting this action;

4. Require DCF to make full payment to Mr. MacNeill for all compensation he would have earned as an employee but for his termination on May 16, 2014 to date;

5. Immediately allow Mr. MacNeill to return to work; and

6. For such other and further relief as the Court deems just, necessary and proper under the circumstances.

Dated: June 15, 2018

Respectfully Submitted,
Plaintiff\Petitioner, Peter MacNeill
By His Attorney

 /S/ Neil Osborne
Neil Osborne (BBO# 567674)
Law Office of Neil Osborne
One State Street, Suite 1500
Boston, MA 02109
(617) 933-3855
Attyosbn@gmail.com