UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
PETER MACNEILL,                  )
                                 )
     Plaintiff/Petitioner        )
                                 )    CIVIL ACTION NO.
                                 )    18-11265-DPW
v.                               )
                                 )
COMMONWEALTH OF MASSACHUSETTS/   )
DEPARTMENT OF CHILDREN AND       )
FAMILIES                         )
                                 )
     Defendant/Respondent.       )
```

MEMORANDUM AND ORDER
October 25, 2018

The plaintiff/petitioner, Peter MacNeill, seeks confirmation of an arbitration award arising from a labor dispute related to his employment by the Department of Children and Families of the Commonwealth of Massachusetts. I conclude the federal courts have no subject matter jurisdiction over this dispute and consequently will grant the well-founded motion to dismiss filed by the defendant/respondent state sovereign. I note, in this connection, that Mr. MacNeill has filed no opposition — timely or otherwise — despite an extended period of time within which to do so before I acted on this motion.

Although Mr. MacNeill appears to assert in an oblique narrative fashion in his complaint, without citation to statutory jurisdictional basis, that a federal question is

presented under the Labor Management Relations (Taft-Hartley) Act, 29 U.S.C. § 185,[1] and under the Federal Arbitration Act, 9 U.S.C. § 4, neither statute provides this court with authority to adjudicate this matter through the statutory grant of federal question jurisdiction provided in 28 U.S.C. § 1331.  Similarly, although Mr. MacNeill pleads that the "[p]arties in this matter reside in diverse states," the relevant grant to federal courts of diversity jurisdiction, 28 U.S.C. § 1332(a)(1), does not extend to adjudication of public sector labor disputes such as this when the purportedly diverse state party defendant is not considered a citizen of any state.

The Supreme Court has recognized that "labor relations between local governments and their employees are the subject of a longstanding statutory exemption" from national labor relations laws.  *Jackson Transit Auth.* v. *Local Div. 1285, Amalgamated Transit Union, AFL-CIO-CLC,* 457 U.S. 15, 23 (1982).  Under § 152(2) of the National Labor Relations Act, "[t]he term "employer" . . . shall not include the United States or any

---

[1] Section 185 was originally passed as section 301 of the Labor Management Relations (Taft-Hartley) Act of 1947, ch. 120, 61 Stat. 136 ("LRMA").  The LRMA amended and supplemented the National Labor Relations Act of 1935, ch. 372, 49 Stat. 449. *See* 29 U.S.C. § 141 (stating that §§ 141-191 "may be cited as the 'Labor Management Relations Act, 1947.'"); 29 U.S.C. § 167 (stating that 29. U.S.C. §§ 151-169 "may be cited as the 'National Labor Relations Act'.")

wholly owned Government corporation, or any Federal Reserve Bank, *or any State or political subdivision thereof*" (emphasis supplied).  *See City of Beloit* v. *Local 643 of Am. Fed'n of State, Cty. & Mun. Employees, AFL-CIO*, 248 F.3d 650, 654 (7th Cir. 2001) (definition of "employer" excluding "any State or political subdivision thereof" in 29 U.S.C. § 152(2) prevents the plaintiff from taking advantage of 29 U.S.C. § 185(a) to establish jurisdiction).  As a result, this court does not have federal question jurisdiction pursuant to 29 U.S.C. § 185(a) of the Labor Management Relations Act when, as here, the defendant is a state entity.

The Federal Arbitration Act does not separately confer federal question jurisdiction; instead, it requires "an independent jurisdictional basis."  *Hall St. Assocs., L.L.C.* v. *Mattel, Inc.*, 552 U.S. 576, 582 (2008).  Because federal question subject matter jurisdiction is lacking, the only alternative avenue to invoke the Federal Arbitration Act in this court is through the diversity statute.  But neither a state itself nor an arm of a state is treated as a citizen for purposes of the federal diversity statute.  *See generally In re Fresenius Granuflo/Naturalyte Dialysate Products Liability Litigation,* 76 F. Supp. 3d 268, 270-77 (D. Mass. 2015).  Consequently, this case does not present a dispute between

3

citizens of different states – as the diversity statute requires – because the defendant is, if not the state itself, plainly an integral arm of the Commonwealth of Massachusetts.

    Lacking any cognizable basis for subject matter jurisdiction over the parties' dispute, I hereby GRANT the Commonwealth's motion to dismiss (Dkt. No. 12) and direct the Clerk to terminate the matter.

                              */s/ Douglas P. Woodlock*_____
                              DOUGLAS P. WOODLOCK
                              UNITED STATES DISTRICT JUDGE